IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.: 3:15cr20-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2) |
| JOSE DE JESUS MUNOZ, | ) | |

BASED UPON the defendant's conviction and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has been convicted and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- Colt Government Model .38 caliber pistol, serial #2826763
- Beretta Model 96A1 .40 caliber pistol, serial #A51488M
- Mossberg 12 gauge shotgun, serial #J191436
- Colt Super 38 automatic, .38 caliber pistol, serial #2833119
- FNH USA LLC Model 5-7 (FNP357) 5.7 or .357 caliber pistol, serial #386245606
- Century Arms Model M70AB2 7.62 caliber rifle, serial #M70AB25604
- Spike's Tactical Model ST15 .223 caliber rifle, serial #SBR-65139
- Smith & Wesson Model M&P 15 .223 caliber rifle, serial #SN93871
- Colt Model Super 38 automatic, .38 caliber pistol, serial #ELCEN7980
- AMT (California Arcadia) Model Backup II, .380 caliber pistol, serial #R10529
- Century Arms AK pistol, 7.62 caliber, serial #AKP-C900034
- Benelli Model M1Super 90 12 gauge shotgun, serial #M205142
- Marlin Model 60 .22 caliber rifle, serial #23476567
- Diamondback Arms Model DB-15 .223 caliber pistol, serial #DB1528578
- Walther Model Colt Rail Gun, .22 caliber pistol, serial #WD006004
- Ruger Model 10/22 .22 caliber rifle, serial #247-73724
- Kahr Arms-Auto Ordnance 12 gauge shotgun, serial #TR12088240
- Beretta Model 950 BS .25 caliber pistol, serial #BER28027V
- All funds in Fidelity bank accounts xxxx2485, xxxx7390,xxxx6108, xxxx1370, xxxx0509, xxxx7648, and xxxx2840

- All funds in Wells Fargo bank accounts xxxx8906, xxxx6707, xxxx0734, xxxx0746, xxxx0509, xxxx7648, xxxx2840
- The real property located at 314 Church Street, Montgomery County, Biscoe, North Carolina
- The real property located at 1011 Chamberline Drive, Randolph County, Asheboro, North Carolina
- The real property located at 413 South Whisky, Montgomery County, Candor, North Carolina,
- The real property located at 110 E. Main Street, Montgomery County, Biscoe, North Carolina
- The real property located at 344 Windy Lane, Montgomery County, Candor, North Carolina
- The real property located at 406 Blake Street (two tracts), Montgomery County, Biscoe, North Carolina
- The real property comprising approximately 23.06 acres located on Tarry Church Road, Moore County, more particularly described in Deed Book 3687, Page 335
- The real property comprising approximately 54.842 acres in Rocky Springs Township, Montgomery County, more particularly described in Deed Book 595, Page 35, Eagle Springs, North Carolina
- The real property comprising approximately 61.643 acres in Rocky Springs Township, Montgomery County, more particularly described in Deed Book 709, Page 370, Eagles Spring, North Carolina

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation

5. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

7. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d), 21 U.S.C § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction..

JILL WESTMORELAND ROSE
ACTING STATES ATTORNEY

_____
STEVEN R. KAUFMAN
Assistant United States Attorney

_____
JOSE DE JESUS MUNOZ
Defendant

_____
DANIEL BAKER MCINTYRE, III, ESQ.
Attorney for Defendant

Signed this the 30th day of March 2015.

_____
THE HONORABLE DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE